UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Calhoun, #10434322, ) | C/A No. 4:22-3274-CMC-TER |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| Ron Lawrenz, Facility Administrator, ) | |
| Darrel Hayes, Chaplain, ) | |
| Dr. Michelle Dube, Clinical Director, ) | |
| Eric Ramos, Chief of Security, ) | |
| Defendants. ) | |
| _____) | |

This is a civil action filed by a civil detainee, a resident of the South Carolina Sexually Violent Predator Treatment Program ("SVPTP"). This case is before the undersigned due to Plaintiff's failure to comply with the magistrate judge's order dated October 3, 2022, for Plaintiff to sign the motion (ECF No. 2) for in forma pauperis and to file an Amended Complaint.[1] ECF No. 6.

The mail in which the Order was sent to Plaintiff's provided address has not been returned to the court, thus it is presumed Plaintiff received the Order, but has neglected to comply with the Order within the time permitted under the Order. The court has not received a response from Plaintiff and the time for compliance has passed.

"The court has "inherent power to manage its docket in the interests of justice." *Luberda v. Purdue Frederick Corp.*, No. 4:13-cv-00897, 2013 WL 12157548, at *1 (D.S.C. May 31, 2013). It

---

[1] In a case in which there was an order for a plaintiff to amend his complaint and there was no amended complaint filed, the Fourth Circuit Court of Appeals affirmed the R. 41 dismissal, stating that plaintiff asserted he "chose" to stand on his complaint but plaintiff "cannot choose whether or not to comply with a court order." *Justice v. N. Carolina Dep't Health & Hum. Servs. Sec'y*, No. 20-1597, 2022 WL 42465, at *2 (4th Cir. Jan. 5, 2022)(unpublished)("Even if the district court's [prior order] was error, the court subsequently dismissed the case for failure to comply with a court order, rendering any error irrelevant.").

also has the authority expressly recognized in Rule 41(b) to dismiss actions for failure to prosecute. Fed. R. Civ. P. 41(b). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630 31 (1962).

Plaintiff's lack of response indicates an intent to not prosecute this case, and subjects this case to dismissal. *See* Fed. R. Civ. P. 41(b)(district courts may dismiss an action if a Plaintiff fails to comply with an order of the court); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)(dismissal with prejudice appropriate where warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982)(court may dismiss *sua sponte*).

Accordingly, this case is dismissed without prejudice. Any pending motions are deemed moot. The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
November 8, 2022